Associate Chief Justice Lee, concurring:
 

 ¶87 I concur in the majority opinion but write separately to register my continuing discomfort with the proportionality standard established in
 
 State v. Houston
 
 ,
 
 2015 UT 40
 
 ,
 
 353 P.3d 55
 
 .
 
 [14]
 
 In
 
 Houston
 
 I set forth my view that article I, section 9 of the Utah Constitution, as originally understood, "does not deputize the courts to second-guess punishments they deem excessive or lacking in proportionality, but only to proscribe
 
 methods
 
 of punishment historically rejected as barbaric or torturous."
 
 Houston
 
 ,
 
 2015 UT 40
 
 , ¶ 157,
 
 353 P.3d 55
 
 (Lee, A.C.J., concurring in part and concurring in the judgment). This remains my firmly held position. The briefing and argument in this case have only reinforced the concerns that I expressed in
 
 Houston
 
 . They demonstrate that judicial review for proportionality is both incompatible with the original meaning of the Utah Constitution and too "hazy and unworkable" to establish a reliable "guidepost" for judges and litigants.
 
 See
 

 id.
 
 ¶ 146.
 

 ¶88 My point is not to fault the majority for its basis for resolving this case. The
 
 Houston
 
 standard is, as the majority notes, the law of the State of Utah. So unless and until that standard is set aside, the court cannot be faulted for applying it. I write separately, however, to reiterate some of the
 concerns that I raised in
 
 Houston
 
 -and to observe that they are highlighted by our disposition of the case before us on appeal.
 

 ¶89 The majority concludes that Mr. Tulley's sentence-one-to-fifteen years (enhanced from zero-to-five years) for aggravated abuse of a vulnerable adult-would not "shock the moral conscience of all reasonable people."
 
 Supra
 
 ¶ 78. Yet the court offers little insight into the basis of that conclusion. And I see no way for us to make that sort of judgment in any reliable, transparent way. Without access to polling data (hardly a basis for judicial decision making) I am unsure how we can gauge the "moral conscience" of the people on the propriety of a given criminal sentence. The best evidence available to us on that question is the view expressed by the people's representatives in the legislature, who enacted the applicable sentence enhancement provision into law.
 
 See
 
 UTAH CODE § 76-3-203.5. It seems a little presumptuous for judges to purport to understand the people's conscience better than their elected representatives (who are regularly accountable to them in elections).
 

 ¶90 This standard thus asks us to second-guess the judgment made by the legislature by consulting our "humanitarian instincts" and personal beliefs.
 
 See
 

 Houston
 
 ,
 
 2015 UT 40
 
 , ¶ 155,
 
 353 P.3d 55
 
 (Lee, A.C.J., concurring in part and concurring in the judgment). Our instincts and beliefs are useful-and even essential-on any of a range of discretionary judgment calls we make in the judiciary. But they can't form the reliable basis for a principle of constitutional law.
 

 ¶91 For now I am content to concur in an opinion that applies our precedent to the resolution of the case before us. But I, for one, would remain open to an invitation that we revisit the standard we established in
 
 Houston
 
 in an appropriate case in the future.
 

 The majority attributes the standard it applies to
 
 State v. Lafferty
 
 ,
 
 2001 UT 19
 
 ,
 
 20 P.3d 342
 
 .
 
 Supra
 
 ¶ 76. And the
 
 Lafferty
 
 opinion does apply a standard like that employed by the court today. But I view
 
 Houston
 
 as the key turning point in our jurisprudence-because prior to
 
 Houston
 
 "no majority opinion of this court [had] ever employed a state standard of proportionality that is distinct from the federal standard."
 
 State v. Houston
 
 ,
 
 2015 UT 40
 
 , ¶ 142,
 
 353 P.3d 55
 
 (Lee, A.C.J., concurring in part and concurring in the judgment). Our prior cases, including
 
 Lafferty
 
 and also
 
 State v. Herrera
 
 ,
 
 1999 UT 64
 
 , ¶ 39,
 
 993 P.2d 854
 
 , "simply parroted the governing federal standard" and adopted it as our Utah standard without any independent analysis of the terms of article I, section 9.
 
 Houston
 
 ,
 
 2015 UT 40
 
 , ¶ 142,
 
 353 P.3d 55
 
 (Lee, A.C.J., concurring in part and concurring in the judgment).